IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ESTATE OF HOWARD BAYLISS, and | : | CIVIL ACTION |
| JACQUELINE FREEMAN | : | |
| | : | |
| v. | : | |
| | : | |
| WELLS FARGO BANK N.A. and | : | NO. 08-2966 |
| AMERICAN SECURITY INSURANCE CO. | : | |

**MEMORANDUM**

**Baylson, J.**                                                                                                    **October 29, 2008**

**I.     Introduction**

Plaintiffs, the Estate of Howard Bayliss and Jacqueline Freeman, filed this action for breach of contract and bad faith against Defendants, Wells Fargo Bank and American Security Insurance Co. ("American Security"), which removed this case from state court. Plaintiffs seek damages in excess of $100,000 plus costs from each Defendant.

Upon consideration of Defendants' respective Motions to Dismiss, this Court has concluded that it lacks subject matter jurisdiction. Therefore, this case is REMANDED to state court.

**II.    Background**

Plaintiffs' claims stem from the following allegations. Howard Bayliss (hereinafter "decedent") owned a house at 5316 Kershaw St., Philadelphia, Pennsylvania (hereinafter "decedent's property"), and Defendant Wells Fargo owned a mortgage on that property. (Compl. ¶ 1, 6.) In December 2004, Jacqueline Freeman, decedent's daughter, began living in the decedent's property and paying the mortgage; she has continued to pay the mortgage since that

time.  (Compl. ¶ 7, Mem. Law Supp. Pl.'s Resp. Def. Am. Security's Mot. Dismiss 8.) Decedent, who resided in Delaware, died in February 2005, and Herb Bayliss and Dorothea Peatman became co-executors of his estate.  (Compl. ¶ 2-3; Notice Removal ¶ 4.)

On March 6, 2007, a fire at an adjacent property caused damage to the decedent's property.  The American Security insurance policy in effect at the time of the fire named Wells Fargo as the insured and "Estate Howard Bayliss" as additional insured.  (Def. Am. Security's Mot. Dismiss Ex. A.)  Prior to the fire, on October 25, 2006, the executors had transferred the property from the Estate of Howard Bayliss to Ms. Freeman by a quitclaim deed.  (Compl. ¶ 12.) However, the deed was not sent to Wells Fargo for Ms. Freeman to assume the mortgage nor was the deed recorded until just after the fire.  (Compl. ¶ 14; Def. Am. Security's Mot. Dismiss ¶ 6.) As a result of insurance disputes related to the fire, Plaintiffs filed this case.

Plaintiffs' suit against Wells Fargo and American Security for breach of contract and bad faith was originally filed in the Pennsylvania Court of Common Pleas in Philadelphia County. The Defendants removed the case to the Eastern District of Pennsylvania on June 25, 2008 (Doc. No. 1).  Defendant American Security filed a Motion to Dismiss (Doc. No. 4) on July 2, 2008. Defendant Wells Fargo filed a Motion to Dismiss (Doc. No. 10) on July 16, 2008.  After reviewing the Motions, this Court sua sponte requested that the Parties submit letter briefings on whether there was diversity of citizenship between the parties.

In their response, Plaintiffs concede that Estate of Howard Bayliss is a citizen of Delaware, and therefore this Court does not have subject matter jurisdiction.

**III.  Contentions**

Defendant American Security (only) argues that Estate of Howard Bayliss should be

dismissed from the action rather than the case be remanded for lack of jurisdiction. Wells Fargo has not submitted its position as to subject matter jurisdiction. If the Estate is dismissed, there would be diversity of citizenship between the parties, and the Court would have subject matter jurisdiction. Defendant contends that the Estate of Howard Bayliss is not a legal entity or real party in interest, since suit by a dead person is a nullity. The Praecipe for Writ of Summons (filed March 6, 2008) and the Praecipe to Reissue a Writ of Summons (filed April 7, 2008) named "Estate of Howard Bayliss" in the caption. (See Def. Am. Security's Mot. Dismiss Ex. B, D.) The Complaint filed in the Court of Common Pleas on June 24, 2008, named "Herb Bayliss and Dorothea A. Peatman as co-executors of the Estate of Howard Bayliss" in the caption. Defendant argues that because the Complaint was filed outside of the one-year limitations period allowed in the American Security insurance policy, the suit was not commenced by the executors in their legal capacity until after the limitations period had expired, and therefore, this Court can and should disregard the Estate as a party Plaintiff, and consider Jacqueline Freeman as the sole party Plaintiff, in which event diversity jurisdiction would exist.

## IV.    Discussion

### A.    Capacity to Sue of Estate of Howard Bayliss

Under the Federal Rules of Civil Procedure, capacity to sue is determined by the law of the state where the court is located. Fed. R. Civ. P. 17(b)(3). Under Pennsylvania Rule of Civil Procedure 2002(a), actions must be prosecuted in the name of the real party in interest. Under Pennsylvania Rule 2002(b)(1), the executors of an estate are the proper parties for representing the interest of a deceased individual.

A deceased person can not be a party to a legal action unless a personal representative

exists. Estate of Gasbarini v. Med. Ctr. of Beaver County, 409 A.2d 343, 346 (Pa. 1979); Thompson v. Peck, 320 Pa. 27, 30 (Pa. 1935). "If a plaintiff commences an action against a person who has previously deceased, the only recourse is to file a new action naming the decedent's personal representative as the defendant." Montanya v. McGonegal, 757 A.2d 947, 950 (Pa. Super. Ct. 2000). If the statute of limitations has run, amendments are allowed only to correct the name of a party; amendments may not bring in a new party or change the capacity in which he is sued. Id. at 950 n.5; see also Girardi v. Laquin Lumber Co., 232 Pa. 1, 2 (1911).

Courts that have considered whether initially naming the estate and then amending to name the executors of the estate is proper have upheld such amendments, stating that such an action does not constitute naming a new party. See Estate of Gouse v. Miller & Norford, Inc., 1999 WL 1457501, 42 Pa. D. & C.4th 408 (Pa. Ct. Com. Pl. 1999); Erksa v. Schriver, 113 P.L.J. 154 (Pa. Ct. Com. Pl. 1964), aff'd, 209 A.2d 444 (Pa. Super. Ct. 1965); Estate of Gasbarini, 409 A.2d 343. The instant case has similar facts to Estate of Gouse. There both the praecipe and the complaint were commenced in the name of the estate, not the personal representatives. The plaintiff then filed an amended complaint with the administratix's name subsequent to the running of the statute of limitations. The court found that the amendment was proper and dismissed the defendant's preliminary objections:

> [T]he more proper designation of the plaintiff in the caption of the amended complaint by reference to the administratrix of the estate, did not, in the court's view, introduce a new party to the case, where the estate was in existence at the time of the filing of the praecipe for writ of summons. The amendment corrected the name of, but did not add or change, the party.

Estate of Gouse, 42 Pa. D. & C.4th at 414. The court distinguished this case from one in which the estate did not exist prior to the running of the statute of limitations, which the court stated

would have the effect of introducing a new party.  Id. at 414.

The instant case is distinguishable from cases cited by Defendant that affirmed dismissal of suits naming the estate and not the executors.  In each of the cases cited by Defendant, the estate is named as a defendant, not a plaintiff as in the instant case.  In Myers v. Estate of Wilks, 655 A.2d 176, 180-81 (Pa. Super 1995), the court affirmed dismissal; however, no estate had ever been raised or personal representative appointed, and the court stated that the plaintiff's remedy was to secure appointment of a personal representative.  Similarly, in Nelson v. Estate of Massey, 686 A.2d 1350, 1351 (Pa. Super. 1995), no estate had been raised in Pennsylvania, and the court noted it was the plaintiff's responsibility to inquire if a personal representative had been appointed, and if not, to take action to have one appointed.  Finally, in Montanya, 757 A.2d at 950, the plaintiff sued a deceased party by naming the decedent personally, not by naming the estate of the decedent.

The instant case is analogous to Gouse.  The Estate of Howard Bayliss was in existence at the time of the filing of the praecipe, which is the operative event for filing under Pennsylvania procedure, and prior to the running of the limitations period.  The Estate of Howard Bayliss has always been the Plaintiff in the present action, so the opposing party is not at fault for failing to investigate the identity of the executors and name them as parties.  Defendants' argument is rejected because it seeks to derive substantive consequences from naming the executors as parties after the limitations period in the insurance policy, an addition which is procedurally proper under Pennsylvania law and does not incur any substantive consequences.

    B.    **Effect of Plaintiff's Waiver of Lawsuit Proceeds**

In the alternative, Defendant American Security argues that Estate of Howard Bayliss

should be dismissed because the co-executors of the Estate of Howard Bayliss signed a waiver on August 25, 2008, that all proceeds of the lawsuit are payable to the co-plaintiff Ms. Freeman. (Def. Am. Security Letter Ex. A.)  Defendant argues that Federal Rule 41(a)(2) allows the Court to dismiss Plaintiff Estate of Howard Bayliss.  Fed. R. Civ. P. 41(a)(2).

Defendant's argument fails as a matter of law.  Rule 41(a)(2) states the circumstances when the court may dismiss an action "at the plaintiff's request."  The Estate of Howard Bayliss has not requested the Court to be dismissed, and the Estate's waiver of any lawsuit proceeds is not a substitute for such a request.

### C.   Lack of Diversity Jurisdiction

Under 28 U.S.C.A. § 1332(c)(2), for the purposes of establishing diversity of citizenship, "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent. . ."  As admitted in Plaintiff's letter brief, Mr. Bayliss was a resident of Delaware from 1996 until the time of his death in 2005.  (Notice Removal ¶ 4.)  Since Defendant American Security is a citizen of Delaware (Id. ¶ 5), the Parties are not citizens of different states, and therefore this Court has no jurisdiction over this action.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ESTATE OF HOWARD BAYLISS, and JACQUELINE FREEMAN | : : : | CIVIL ACTION |
| v. | : : | |
| WELLS FARGO BANK N.A. and AMERICAN SECURITY INSURANCE CO. | : : | NO. 08-2966 |

**ORDER**

AND NOW, this 29th day of October, 2008, for the reasons stated in the foregoing Memorandum, it is hereby ORDERED that this case is REMANDED to the Pennsylvania Court of Common Pleas, Philadelphia County, for lack of subject matter jurisdiction.

The Clerk shall close this case.

BY THE COURT:

/s Michael M. Baylson
_____
Michael M. Baylson, U.S.D.J.

O:\CIVIL 07-08\08-2966 Estate of Bayliss v. Am. Security\Memo re Remand.wpd